| | |
|---|---|
| 1 | **JAKUB P. MEDRALA, ESQ.** |
| | California Bar No. 280273 |
| 2 | **The Medrala Law Firm, Prof. LLC** |
| | 615 S. 6th Street |
| 3 | Las Vegas, Nevada 89101 |
| | (702) 475-8884 |
| 4 | (702) 938-8625 Facsimile |
| | jmedrala@medralaw.com |
| 5 | *Attorney for Plaintiff* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BILZERIAN, an Individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| IGNITE INTERNATIONAL BRANDS, LTD., a Foreign Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff DAN BILZERIAN ("Plaintiff") complains against IGNITE INTERNATIONAL BRANDS, LTD. ("Defendant") as follows.

## I.

## JURISDICTION AND VENUE

1. Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. Plaintiff is a citizen and resident of Nevada, and Defendant is a Foreign Corporation doing business in the State of California.

2. The amount in controversy exceeds the sum $75,000, exclusive of interest and cost.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California.

## II.

## **PARTIES**

4. Plaintiff Dan Bilzerian is, and at all relevant times was, a resident of Clark County, Nevada, and former Chairman of the Board of Directors and Chief Executive Officer ("CEO") of the Defendant.

5. Defendant Ignite International Brands, Ltd. ("Ignite") was and is a foreign corporation doing business in the State of California.

## III.

## **GENERAL ALLEGATIONS**

6. From 2018 through 2024, Plaintiff served as the Chairman of the Board of Directors and CEO of Ignite.

7. During that time, on July 1, 2020, Plaintiff entered with the Defendant into an Indemnity Agreement ("Agreement") under which the Defendant agreed to indemnify and hold the Plaintiff harmless from any claims and losses (including legal fees) in which the Plaintiff, by reason of him being the director or officer of the Defendant, is or may be joined as a party.

8. In addition, under the Agreement, Ignite was obligated to provide Plaintiff with insurance covering such claims and losses.

9. Moreover, Ignite's articles of incorporation also provide similar indemnification and duty-to-insure provision.

10. On July 7, 2020, a lawsuit was filed against Defendant and Plaintiff by a former executive, Curtis Heffernan ("Heffernan") in the Superior Court of California, County of Los Angeles, Case No. 20STCV25549.

11. The lawsuit alleged that the Plaintiff, in the course and scope of the Plaintiff's employment with Ignite, made certain defamatory statements against Heffernan.

12. At the time of the lawsuit, Plaintiff had a valid and enforceable indemnity Agreement with Ignite, which obligated Ignite to indemnify and hold him harmless from claims and losses arising out of Heffernan's lawsuit against the Plaintiff.

13. Moreover, Ignite was obligated to provide the Plaintiff with an insurance policy covering such claims and losses.

14. Despite this contractual obligation, Ignite refused to indemnify Plaintiff and hold him harmless from Heffernan's claims, refused to pay for the costs and expenses associated with Heffernan's lawsuit, and failed to provide him with insurance covering such losses.

15. As a result of Ignite's refusal to honor the Agreement and the provisions of its own articles, Plaintiff incurred significant personal and financial damages, including but not limited to legal fees, costs, and expenses associated with the lawsuit, and Heffernan obtained a jury verdict against the Plaintiff.

## IV.

### FIRST CLAIM FOR RELIEF—BREACH OF CONTRACT

16. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-15 above as fully set forth herein.

17. On or about July 1, 2020, Plaintiff entered into the Agreement with the Defendant under which the Defendant promised to indemnify and hold Plaintiff harmless from any claims and losses arising out of his role and duties as Ignite's director and officer. Plaintiff performed his obligations under the Agreement and Articles.

18. Defendant breached the terms of the Agreement and Articles by refusing to indemnify and hold the Plaintiff harmless from Heffernan's lawsuit and by refusing to provide the Plaintiff with liability insurance covering such losses.

19. Plaintiff has fully performed all of his obligations and duties under the Agreement, except for those obligations and duties that were excused by Defendant's breach.

20. As a result of Defendant's breach, Plaintiff has suffered and will continue to suffer damages in excess of $75,000, the exact amount to be determined at trial.

21. Also, as a result of Defendant's breach, Plaintiff has suffered, and will continue to suffer, consequential damages in excess of $75,000, the exact amount to be determined at trial.

22. Plaintiff has suffered additional damages in the form of attorney fees as a proximate and foreseeable result of Defendant's breach and is entitled to them under the Agreement.

V.

**SECOND CLAIM FOR RELIEF—BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

23. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-22 above as fully set forth herein.

24. Defendant breached the duty of good faith and fair dealing owed to Plaintiff by refusing to indemnify and hold the Plaintiff harmless from Heffernan's claims.

25. The Plaintiff's justified expectations were denied.

26. As a result of Defendant's breach, Plaintiff has suffered and will continue to suffer damages in excess of $75,000, the exact amount to be determined at trial.

27. Also, as a result of Defendant's breach, Plaintiff has suffered, and will continue to suffer, consequential damages in excess of $75,000, the exact amount to be determined at trial.

28. Plaintiff has suffered additional damages in the form of attorney fees as a proximate and foreseeable result of Defendant's breach and is entitled to them under the Agreement.

## VI.

## JURY DEMAND

29. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues raised in this action.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment:

1. Awarding Plaintiff compensatory damages in excess of $75,000, the exact amount to be determined at trial;
2. Awarding Plaintiff pre-judgment and post-judgment interest;
3. Awarding Plaintiff reasonable attorney fees and costs incurred in the prosecution of this action; and
4. Granting such other relief as the Court may deem just and proper.

DATED this 9th day of May, 2025.

THE MEDRALA LAW FIRM, PLLC

/s/ Jakub P. Medrala

**JAKUB P. MEDRALA, ESQ.**
California Bar No. 280273
615 S. 6th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*